O’BRIEN, J.,
concurring in the result.
AllCare is not entitled to judicial relief from the Board’s decision. My only concern with the district court’s decision is the dismissal of Count Five for lack of jurisdiction (it alleged the Board arbitrarily and capriciously denied its motion for an extension of time to file its claim).
AllCare sought a good cause extension of time to file the subject claim. Such an extension is permitted by regulation, 42 C.F.R. § 405.1836, but not expressly permitted by statute. The same regulation, 42 C.F.R. § 405.1836(e)(4), insulates the Board’s good cause determination from judicial review.
Concern arises from an immigration case, Kucana v. Holder, 558 U.S. 233, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010). What I take away from that decision is that Congress can insulate agency decisions from judicial review but an agency cannot, without congressional authorization, do the same. Whether such authorization exists is, at bottom, a matter of statutory construction.
The Medicare statute permits judicial review of “any final decision of the Board.” 42 U.S.C. § 1395oo(f)(1). The district court determined “final decision of the Board” to be an ambiguous phrase and afforded Chevron[1] deference to regulations defining final decision and specifying the type of decisions subject to judicial review. It did not mention Kucana, probably because the case was not argued (it is not mentioned in AllCare’s filings in this Court).
The district court’s dismissal of Court Five for lack of jurisdiction may be correct even though the Kucana decision was not considered. In any event, the Board was not arbitrary and capricious in refusing to extend the filing date beyond the 180 days provided by the statutes. Accordingly, I readily vote to affirm, but am unwilling to do so “for substantially the reasons stated in [the district court’s] well-reasoned Order and Opinion of October 23, 2012.”

. Chevron U.S.A., Inc. v. Nat’l Res. Def. Council. 467 U.S. 837. 104 S.Ct. 2778. 81 L.Ed.2d 694 (1984).